■ In the Matter of LUBA REALTY, INC., Appellant, v DANIEL W. JOY, as Commissioner of the Department of Housing Preservation and Development, Office of Rent and Housing Maintenance, Respondent. — Judgment of the Supreme Court, New York County (Shainswit, J.), entered February 19, 1982, confirming respondent's determination that petitioner's eight-family multiple dwelling was subject to the Rent Stabilization Law and dismissing petitioner's CPLR article 78 proceeding, is reversed, on the law, without costs, and the petition is granted to the extent of referring the matter to the Conciliation and Appeals Board for a hearing. Petitioner Luba Realty, Inc. is the owner and landlord of adjoining premises at 206 East 35th Street and 208 East 35th Street in Manhattan. On May 29, 1980, a notice was mailed to petitioner from the Office of Rent Control that pursuant to section 36 of its regulations (Rent and Eviction Regulations of Housing and Development Administration), the district rent director "proposed to find, based on physical inspection that 206 and 208 East 35th Street form a horizontal multiple dwelling consisting of 8 apartments. Said addresses, under common ownership, share a common heating system, fuel storage, electric service and meters, gas service and meters, sewer and water service." The letter concluded by asserting that the property was required to be registered with the Rent Stabilization Association. Luba Realty then apprised the Office of Rent Control that upon the advice of counsel and without prejudice to any of its rights, it intended to register the subject premises with the Rent Stabilization Association. According to petitioner, the issue of horizontal multiple dwelling status regarding 206 and 208 East 35th Street would be submitted directly to the Rent Stabilization Association for determination and that, consequently, petitioner did not intend to litigate the matter through the Office of Rent Control. Application was then made for enrollment with the Rent Stabilization Association. Thereafter, on or about July 18, 1980, the Department of Housing Preservation and Development informed Luba Realty that its application for late enrollment had been accepted and that the necessary forms had to be filed with the Rent Stabilization Association within 30 days. Petitioner duly complied with this direction and also paid the fee mandated for late enrollment. Therefore, by the time that the Office of Rent Control issued its order on August 7, 1980 adopting the findings contained in the May 29 notice (with petitioner filing a protest of this order on or about August 13, 1980), Luba Realty was already a member in good standing with the association. Special Term, in denying the application to annul the administrative determination, held that the power of the court was limited only to the question of whether there was a rational basis for the agency's decision. However, regardless of whether or not the adjudication made by the Office of Rent Control was appropriate, petitioner is correct in contending that since it was already a member of the Rent Stabilization Association prior to the August 7 order, the Office of Rent Control lacked jurisdiction over the matter, and, accordingly, the issue in dispute should have been heard by the Conciliation and Appeals Board. Concur — Kupferman, J. P., Sullivan and Milonas, JJ.; Markewich, J., concurs in the result only.